UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

**Maiceo Harrell,**

v.     Adversary Proceeding 25-03624

**United States Department of Education**

# JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Maiceo Harrell, for himself, Plaintiff, and AUSA Natasha Alexander for the Defendant. The Parties conferred via email on March 10, 2026.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   *In Re: Maiceo Harell*, Chapter 7, 25-34742.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff brings this lawsuit to discharge his student loans under 11 USC §523(a).

4. Specify the allegation of federal jurisdiction.

   Plaintiff brought this lawsuit under 28 U.S.C. §1334. Defendant agrees that this proceeding is a core proceeding and agree to entry of a final order of judgment by the Bankruptcy Court in this matter.

5. Name the parties who disagree and the reasons.

   None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

>   None.

7. List anticipated interventions.

>   None.

8. Describe class-action issues.

>   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

>   No initial disclosure have been made as of yet. However, the parties will agree to exchange initial disclosures within 14 days of the Pretrial Conference- or April 1, 2026.

10. Describe the proposed agreed discovery plan, including:

>   A. Responses to all the matters raised in Rule 26(f).
>
>   >   None.
>
>   B. When and to whom the plaintiff anticipates it may send interrogatories.
>
>   C. When and to whom the defendant anticipates it may send interrogatories.
>
>   >   The Government does not anticipate taking any discovery in this case and is prepared for the Court to set this for trial.
>
>   D. Of whom and by when the plaintiff anticipates taking oral depositions.
>   None.
>
>   E. Of whom and by when the defendant anticipates taking oral depositions.
>
>   >   The Government does not anticipate taking any discovery in this case and is prepared for the Court to set this for trial.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

N/A

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
N/A

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The Government anticipates calling no experts in this case.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

The Government has reviewed Education Department documents and documents and information provided by the Plaintiff. After review of those documents, the Government determined that Plaintiff has not provided evidence to show that he is eligible for discharge of his student loans and recommends discharge be denied.

The plaintiff plans to provide additional documentation by the date below.

13. State the date the planned discovery can reasonably be completed.

April 11th, 2026

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Defendant is opposed to discharge, and thus there is no reasonable settlement or resolution available in this case.

Plaintiff is willing to consider a reasonable resolution at that time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff provided his attestation and documents to support his claim of discharge.

        Defendant reviewed the provided material before determining that it does not recommend discharge in this case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Alternative Dispute Resolution would not be suitable for resolution in this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are opposed to a Magistrate Judge.

18. State whether a jury demand has been made and if it was made on time.

    No jury demand was made, and a jury is unavailable for this type of case

19. Specify the number of hours it will take to present the evidence in this case.

    2 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    The Government proposes that a trial date be set in this case since the Government is prepared to defend against discharge and the Plaintiff maintains the difficult burden of showing that discharge is available.

    The plaintiff proposes that a trial date be set in May for this case. Defendant is unopposed to setting of a trial date in May.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff(s)                                Date:

*Maiceo T. Harrell*                                     3/10/2026

Counsel for Defendant(s)                                Date

                                        NICHOLAS J. GANJEI
                                        United States Attorney

By: */s/ Natasha Alexander*
Natasha Alexander
Assistant United States Attorney
Attorney in Charge
Southern District No. 3770021
Texas Bar No. 24125476
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9422
Fax: (713) 718-3300
E-mail: Natasha.Alexander@usdoj.gov

Counsel for Defendant

4